# 345

No. 63817.—Fred Adler Co., Inc. *v.* United States, protest 58/20588–10142 (Chicago).

Opinion by DONLON, J. An examination of the official papers showing that the protest was filed more than 60 days after liquidation, the protest was dismissed as untimely, by virtue of section 514, Tariff Act of 1930.

Before the Second Division, February 17, 1960

No. 63818.—Pierre Ruedin Jewels *v.* United States, protest 59/11610 (New York).

LAWRENCE, Judge: This case relates to certain medals imported from Switzerland which were classified by the collector of customs as articles or wares not specially provided for, plated, but not in chief value of gold, in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), and duty was imposed thereon at the rate of 65 per centum ad valorem.

It is the contention of plaintiff herein that said merchandise should properly have been classified as jewelry, commonly or commercially so known, finished or unfinished, valued at not over $5 per dozen pieces, within the purview of paragraph 1527(a)(2) of said act (19 U.S.C. § 1001, par. 1527(a)(2)), as modified by the Japanese Trade Agreement, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877, for which duty at the rate of 55 per centum is provided.

There was received in evidence as plaintiff's exhibit 1 a sample of the imported merchandise representative of the articles described on the commercial invoice accompanying the entry herein as "medals 30 mm Ø, of bronze with patina, with ring, models Nr. 57692–3" (hereinafter referred to as the "second item"), which is a golden anniversary medal of Marymount College.

Pierre Ruedin, plaintiff herein, testified that exhibit 1 is the same in all respects so far as form, images, and ornamentations are concerned as the "first item" of medals appearing on the commercial invoice which is described as "medals 30 mm Ø, of common metal, with ring, models Nr. 57692–3."

An oral stipulation of fact was entered into by the parties hereto, wherein it was agreed that the medals described in the first item appearing on the commercial invoice are gold plated; that those described on the invoice as the second item and represented by exhibit 1 are not gold plated; that the laboratory report, which is a part of the official papers before the court, only related to a sample of the first item of merchandise; that all of the medals are composed wholly or in chief value of metal, other than gold or platinum; that said medals are not devotional in character, but are ornamental and designed to be worn on apparel or carried on or about or attached to a person; and that said articles are valued at not over $5 per dozen pieces.

The case was thereupon submitted for decision on the record and the official papers before the court.

Accordingly, we find and hold that the anniversary medals before the court should properly have been classified as jewelry, commonly or commercially so known, finished or unfinished, and valued at not over $5 per dozen pieces, in paragraph 1527(a)(2) of the Tariff Act of 1930, as modified, *supra*, and subjected to duty at the rate of 55 per centum as alleged by plaintiff. The claim in the protest is, therefore, sustained.

Judgment will issue accordingly.